

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
01/18/2008

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 04-40504** |
| | § | **CHAPTER 11** |
| **SIDNEY D. CLANSY** | § | |
| **PAULINE A. CLANSY** | § | |
| **Debtors.** | § | |

**MEMORANDUM OPINION REGARDING REQUEST OF GMAC MORTGAGE CORP.**
**FOR AWARD OF COSTS**
**[Docket No. 438]**

**I.     Introduction**

After a hearing on the Debtors' Motion for Sanctions against GMAC Mortgage Corporation

(GMAC), this Court issued an oral judgment in favor of GMAC.  GMAC requests costs of litigation

from the Debtors, pursuant to Federal Rule of Bankruptcy Procedure 7054(b).  GMAC submitted

a proposed order on the judgment that includes an award of approximately $10,000.00 in litigation

costs to be charged against the Debtors.[1]  The Debtors oppose GMAC's proposed order and request

that each party bear its own costs and attorney fees.  The standard for awarding litigation costs (other

than attorney fees) pursuant to Federal Rule of Bankruptcy Procedure 7054(b) appears to be an

unsettled issue in the Fifth Circuit.

**II.     Findings of Fact**

1.     On March 23, 2007, the Debtors filed an Amended Motion to Compel and For Sanctions

(Motion for Sanctions). [Docket No. 339.]  In the Motion for Sanctions, the Debtors alleged that

GMAC violated the Agreed Order Conditionally Modifying the Automatic Stay (Agreed Order)

---

[1] GMAC does not seek attorney fees, only costs of depositions, copying charges, etc.

[Docket No. 137] by falsely conveying to credit reporting services that the Debtors' mortgage payments were late. [Docket No. 339 ¶ 5.]

2.       On April 23, 2007, GMAC filed a Response to the Debtors' Motion For Sanctions [Docket No. 343], denying any violation of the Agreed Order.

3.       Beginning on December 13, 2007 and concluding on December 14, 2007, this Court held a hearing on the Motion for Sanctions.

4.       On December 14, 2007, this Court orally denied the Motion for Sanctions and requested a proposed order from GMAC. [Dec. 14, 2007 Hr'g.]

5.       On January 4, 2008, this Court held a hearing at which GMAC submitted its proposed order. The Debtors opposed GMAC's proposed order because it included an award of costs to be charged against the Debtors. [Jan. 4, 2008 Hr'g.]

6.       On January 9, 2008, the Debtors submitted a brief regarding GMAC's request for costs and attached their own proposed order, which provided that each party bear its own costs. [Docket No. 438.]

**III.     Conclusions of Law**

This Court finds that (1) the award of litigation costs, pursuant to Federal Rule of Bankruptcy Procedure 7054(b), is discretionary, and (2) there is no rebuttable presumption that costs will be awarded to the prevailing party.  The permissive language in  Federal Rule of Bankruptcy Procedure 7054 creates a different standard for awarding costs than the mandatory language found in the corresponding Federal Rule of Civil Procedure 54.

### a.    The Bankruptcy Standard and Civil Standard for Awarding Costs

Federal Rule of Bankruptcy Procedure 7054(b) (Bankruptcy Rule 7054(b)) provides, in relevant part: "The court *may allow* costs to the prevailing party except when a statute of the United States or these rules otherwise provides." FED. R. BANKR. P. 7054(b) (emphasis added). The corresponding rule for civil actions, Federal Rule of Civil Procedure 54(d)(1) (Civil Rule 54(d)), provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–*should be allowed* to the prevailing party." FED. R. CIV. P. 54(d)(1) (emphasis added). Although the rules are quite similar, the Bankruptcy Rule utilizes permissive language (i.e., "may"), whereas the Civil Rule utilizes presumptive language (i.e., "should"). *See D&B Countryside, L.L.C. v. Newell (In re D&B Countryside, L.L.C.)*, 217 B.R. 72, 75 (Bankr. E.D. Va. 1998) (noting this significant difference between the rules).

### b.    GMAC's Argument for a Presumption of Costs

GMAC argues that there is a rebuttable presumption under Bankruptcy Rule 7054(b) that the prevailing party is entitled to costs, and that only misconduct by the prevailing party justifies denial of costs. [Jan. 4, 2008 Hr'g.] Some courts have applied Civil Rule 54(d)'s presumptive standard to Bankruptcy Rule 7054(b), despite the different language in the rules. *See, e.g., Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("[C]ourts have held there is a rebuttable presumption [under Bankruptcy Rule 7054(b)] that the prevailing party is entitled to costs."); *Brown v. Phillips (In re Phillips)*, No. 06-B-01180, 2007 WL 4415504, at *19 (Bankr. N.D. Ill. Dec. 17, 2007) ("There is a strong presumption favoring the award of costs to the prevailing party [under Bankruptcy Rule 7054(b)]."); *Alexander v. Horton (In re Terry Mfg. Co.)*, No. 05-3042, 2007 WL 1491086, at *1 (Bankr. M.D. Ala. May 21, 2007); *Krol v. Unglaub (In re Unglaub)*, 332 B.R. 303, 324 (Bankr.

3

N.D. Ill. 2005); *Bishara v. O'Callaghan* (*In re O'Callaghan*), 304 B.R. 887, 889 (Bankr. M.D. Fla. 2003); *Krol v. Wilcek* (*In re H. King & Assocs.*), 295 B.R. 246, 277-78 (Bankr. N.D. Ill. 2003); *National Corporate Tax Credit, Inc. VIII v. Franklin Arms Court, L.P.* (*In re Franklin Arms Court, L.P.*), No. 03-A-00147, 2003 WL 1883472, at *14 (Bankr. N.D. Ill. April 10, 2003) ("There is a strong presumption favoring the award of costs to the prevailing party [under Bankruptcy Rule 7054(b)]...The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs."). These courts have failed to distinguish the permissive language in Bankruptcy Rule 7054(b) from the presumptive language in Civil Rule 54(d), citing to Bankruptcy Rule 7054(b) cases and Civil Rule 54(d) cases interchangeably. *See, e.g., Mungo*, 355 F.3d at 978; *Franklin Arms Court, L.P.*, 2003 WL 1883472 at *14; *Roth v. Mims*, 298 B.R. 272, 299 (N.D. Tex. 2003).

For example, *Mungo*, the case relied upon by GMAC, interposed analysis and language from multiple Civil Rule 54 cases into its discussion of an application for costs under Bankruptcy Rule 7054. *Mungo*, 355 F.3d at 978-79 (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997); *Weeks v. Samsung Heavy Indus. Co.*, Ltd., 126 F.3d 926, 945 (7th Cir. 1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988)). *Mungo* did not cite any bankruptcy cases to support its conclusion that Bankruptcy Rule 7054(b) creates a rebuttable presumption of costs and requires "good reasons" for denying such an award. *Mungo*, 355 F.3d at 978-79.

Similarly, *Roth* stated, "Like Fed. R. Civ. P. 54, assessment of costs under Rule 7054 does not involve reconsideration of any aspect of the decision on the merits; the 'prevailing party' automatically is entitled to costs 'unless the court otherwise directs.'" *Roth*, 298 B.R. at 299

4

(quoting *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988)).  The Supreme Court decision that *Roth* cited for this proposition considered only a request for costs under Civil Rule 54(d), and it does not support *Roth's* interpretation of Bankruptcy Rule 7054(b).  *Id.*

### c.      The Appropriate Standard of Awarding Costs Under Bankruptcy Rule 7054(b)

The Fifth Circuit has not yet considered the standard for awarding costs, other than attorney fees, under Bankruptcy Rule 7054(b),[2] but numerous other courts have recognized the difference between the bankruptcy and civil standards for awarding costs. *See, e.g., Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.)*, 94 B.R. 622, 624 (9th Cir. 1988) (calling the civil rule "more mandatory in nature" than the bankruptcy rule); *D&B Countryside, L.L.C.,* 217 B.R. at 75 (noting the significant difference between the rules); *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 135 B.R. 659, 670  (Bankr. D. Colo. 1991), *aff'd on other grounds*, 161 B.R. 507 (D. Colo. 1992), *aff'd on other grounds*, 4 F.3d 1556 (10th Cir. 1993), *cert. denied* ("In bankruptcy proceedings, unlike other matters litigated under federal law, there is no presumption that costs be taxed to the unsuccessful party.").  A majority of courts have held that the decision to award costs is within the sound discretion of the bankruptcy court. *See, e.g., Gioioso v. Gioioso (In re Gioioso)*, 979 F.2d 956, 963 (3rd Cir. 1992); *Grynberg v. Danzig Claimants (In re Grynberg)*, 966 F.2d 570, 576 (10th Cir. 1992); *Northwestern Corp. v. Magten Asset Mgmt. Corp. (In re Northwestern Corp)*, 326 B.R. 519, 529-30 (Bankr. D. Del. 2005); *In re Nichols*, 221 B.R. 275, 280 (Bankr. N.D. Okla. 1998);

---

[2] In 2003, the Fifth Circuit reviewed a case involving Bankruptcy Rule 7054(b); however, the opinion considered an award of attorney's fees, rather than costs. *In re Homeowners Mortgage and Equity, Inc.*, 354 F.3d 372, 377 (5th Cir. 2003).  Although GMAC only seeks costs, and not attorney's fees , this Court's opinion that there is no presumption of costs under Bankruptcy Rule 7054(b) is consistent with the Fifth Circuit's analysis. The Fifth Circuit stated, "a decision to award fees is within the sound discretion of the bankruptcy court." *Id.*

5

*Perlbinder v. Dubrowsky* (*In re Dubrowsky*), 206 B.R. 30, 40 (Bankr. E.D.N.Y. 1997), *aff'd*, 244 B.R. 560 (E.D.N.Y. 2000); *Investment Bankers, Inc.*, 135 B.R. at 670.

Although the Federal Rules of Bankruptcy Procedure incorporate many of the Federal Rules of Civil Procedure, they do not incorporate Civil Rule 54(d), which presumes that the Court will award costs to the prevailing party. *See* FED. R. BANKR. P. 7054(a) (incorporating FED. R. CIV. P. 54 (a)-(c)). *See also V.M. v. S.S.* (*In re S.S.*), 271 B.R. 240, 248 (Bankr. D.N.J. 2002); *Investment Bankers, Inc.*, 135 B.R. at 670; *Northwestern Corp.*, 326 B.R. at 529.

This Court declines to read the presumption created by Civil Rule 54(d) into Bankruptcy Rule 7054(b) when Congress explicitly chose not to incorporate it. *See* FED. R. BANKR. P. 7054 (incorporating FED. R. CIV. P. 54 (a)-(c), but not incorporating FED. R. CIV. P. 54(d)). *See also In re Robertson*, 105 B.R. 504, 507 (Bankr. D. Minn. 1989) ("[Civil Rule 54(d)] has no application in Bankruptcy Court."). The decision to award costs under Bankruptcy Rule 7054(b) is wholly within this Court's discretion, considering such factors as bad faith by the prevailing party in incurring unnecessary costs and the inability of the debtor to afford the costs of the prevailing party. *See Aviva Gelato, Inc.*, 94 B.R. at 624 (affirming the bankruptcy court's refusal to award costs based on the prevailing party's "multiplication of the proceedings and meritless motions."). *See also Gioioso*, 979 F.2d at 963 (the bankruptcy court may deny costs "if it would be futile to award them.").

The prevailing party bears the initial burden of establishing that each specifically documented cost that it seeks falls within the itemized list of permissible costs in 28 U.S.C. § 1920, and persuading the Court that the costs were reasonably necessary to the litigation. *See* 28 U.S.C. § 1920 (listing permissible costs such as fees of the clerk, marshal, and court reporter; printing and copying fees; docket fees; and fees of experts and interpreters). *See also Northwestern Corp.*, 326 B.R. at 530-31;

6

*Citibank USA, N.A. v. Spring* (*In re Spring*), No. 04-3007, 2005 WL 588776, at *6 (Bankr. D. Conn. Mar. 07, 2005); *D&B Countryside, L.L.C.*, 217 B.R. at 75; *Schwinn Plan Comm. v. Transamerica Ins. Fin. Corp.* (*In re Schwinn Bicycle Co.*) 210 B.R. 764, 769 (Bankr. N.D. Ill. 1997). After the prevailing party meets its burden, the burden of persuasion shifts to the opposing party, to show that costs should not be allowed under the circumstances. *D&B Countryside, L.L.C.*, 217 B.R. at 75.

## IV.    Conclusion

Accordingly, this Court will hold a hearing so that the parties may present evidence as to whether this Court should award costs to GMAC. A separate order setting the hearing will be entered on the docket simultaneously with the entry on the docket of this memorandum opinion.

Signed this 18th day of January, 2008.

Jeff Bohm
United States Bankruptcy Judge